DENNIS, Justice.
Defendant, Martha Mitchell, was charged by an amended bill of information with being an accessory after the fact to the commission of simple robbery in violation of La.R.S. 14:25. Defendant, having waived her right to a jury trial, was tried and convicted by the trial judge, who sentenced her to serve eighteen months in the parish prison.
Defendant has appealed her conviction and sentence relying on a single assignment of error.
The essential facts upon which defendant’s conviction was based are not in dispute, and may be summarized as follows:
On August 6, 1974, Mary Augusta was walking down Florida Street in Baton Rouge. She was stopped by two women who pulled up along side of her in an automobile. These two women shortly before had discussed a plan to rob Ms. Augusta. *1190 Diane Butler was driving the car, and Martha Mitchell, the car’s owner, was a passenger. Ms. Mitchell asked Ms. Augusta for a penny, and when she replied that she had no money, Ms. Mitchell forcibly took her purse. Ms. Butler and Ms. Mitchell hurried back to the car, switching positions, so that Ms. Mitchell drove and Ms. Butler rode as a passenger. Diane Butler removed some money from the purse, and threw the purse out of the car window.
Defendant contends that the trial judge erred in finding her guilty as an accessory after the fact to the crime of simple robbery, urging that the facts clearly established that she was guilty of the robbery as a principal. Defendant argues that an individual cannot be both an accessory and a principal to the same crime.
Defendant’s argument is based on the assumption that the facts established there was only one principal to the crime, Martha Mitchell. We find this assumption erroneous.
The undisputed facts justify the conclusion that Diane Butler, as well as Martha Mitchell, committed the crime of simple robbery as a principal. It is immaterial that Ms. Augusta’s purse was actually snatched by Martha Mitchell. La.R.S. 14:24 makes this conclusion inescapable; the statute provides:
“All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.’’
Thus, there were two principals to the robbery, Diane Butler and Martha Mitchell.
The bill of information as finally amended charged Martha Mitchell with aiding and abetting Diane Butler, knowingly and with reasonable grounds to believe that Ms. Butler had committed a felony. The State did not charge Martha Mitchell as an accessory for aiding and abetting herself, after the commission of the crime.
La.R.S. 14:25 provides inter alia:
“An accessory after the fact is any person who, after the commission of a felony, shall harbor, conceal, or aid the offender, knowing or having reasonable ground to believe that he has committed the felony, and with the intent that he may avoid or escape from arrest, trial, conviction, or punishment.
“An accessory after the fact may be tried and punished, notwithstanding the fact that the principal felon may not have been arrested, tried, convicted, or amenable to justice. * * * ”
The facts adduced at trial clearly justify the trial judge’s conclusion that Martha Mitchell, after Ms. Butler’s commission of a felony, aided Ms. Butler, knowing that she committed a robbery, and with the intent to aid her in avoiding arrest, trial, conviction and/or punishment.
La.R.S. 14:25 does not by its terms require specific criminal intent to aid the offender in avoiding detection or punishment. See La.R.S. 14:11. La.R.S. 14:10 defines general criminal intent as follows:
“ * * * General criminal intent is present whenever there is specific intent, and also when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act.”
After taking Ms. Augusta’s purse Martha Mitchell and Diane Butler quickly returned to the car and sped away with Ms. Mitchell driving. Although Martha Mitchell’s primary motive may well have been to save herself from apprehension and prosecution, she must have adverted to the fact that she was also aiding another principal, Diane Butler, to “escape from arrest, trial, conviction, or punishment.”
We thus conclude that defendant’s assignment of error is without merit. Her conviction and sentence are affirmed.
AFFIRMED.
SANDERS, C. J., concurs.