BOUTALL, Judge.
Roger Johnson, a juvenile, was adjudicated to be a delinquent juvenile and committed to the Louisiana Department of Corrections to be evaluated for placement. He applied to this court for writs of certiorari and prohibition, praying for release from confinement on the ground that the judgment of the Juvenile Court and the commitment orders rendered thereafter were improper. We issued certiorari to review the record and make a determination of the validity of the proceedings complained of. The application made a showing that the error was apparent on the face of the record, resulting in the improper commitment of the juvenile. Accordingly, we felt the exercise of our extraordinary supervisory powers was justified.
Our review of the record does indeed show that there is an error apparent on the face of the record. The ultimate finding of the trial judge, upon which the adjudication of delinquency was based, was not responsive to the charge as specified in the petition filed against him, and cannot serve as a basis for a disposition of commitment. It is necessary to set out in some detail the proceedings below.
Roger Johnson, aged 14, was arrested in connection with an armed robbery, and a petition was filed against him in the Juvenile Court for the Parish of Orleans representing that he is delinquent as provided in R.S. 13:1570(A)(5) by violating Louisiana Revised Statutes 14:64 relative to robbery while armed with a dangerous weapon, and specifying the details of that crime. Trial was had on March 1, 1978 with the court making the following finding:
“After considering the evidence in this matter Roger Johnson is found delinquent as charged and he is ordered detained in the Youth Study Center, case continued and set for disposition on March 16, 1978, at 10:00 A.M.”
On March 16, 1978, three events occurred according to the minutes. The trial judge ordered that his “order of March, 1, 1978 be corrected to show that Roger Johnson is found guilty of conspiracy to commit armed robbery”. The attorney for the juvenile filed a motion for a new trial. The trial judge then denied the motion for a new trial and committed Johnson to the Southeast Louisiana Hospital at Mandeville, Louisiana for observation, evaluation and/or continued treatment. It should also be noted that after evaluation at the hospital, on August 15, 1978, Johnson was discharged from the hospital and committed “to the Louisiana Department of Corrections to be evaluated by its Diagnostic Evaluation Center for placement.”
The Louisiana Constitution of 1974, Article 1 § 13, requires that an accused shall be informed of the nature and cause of the accusation against him. Consistent with this provision, L.R.S. 13:1574 provides that the petition which is filed in juvenile proceedings shall set forth with specificity the facts which bring the child before the court and requires that, if a violation of law is the basis for filing the petition, the petition shall cite the Statute alleged to have been violated. The petition in this case represents a violation of R.S. 14:64, armed robbery, and recites the necessary facts to a commission of that offense. No disagreement is had with the sufficiency of the petition itself. The problem arises as a result of the judge’s findings, or verdict, after trial of the petition.
In the case of In re State in Interest of Hampton, 257 So.2d 459 (La.App. 1st Cir. 1972) the court announced (P. 460) that the following principle was not well established in our law:
“Third, that a juvenile may not be adjudged delinquent unless his guilt of the specific charges against him is shown in accordance with the foregoing principles. That is, a judge may not make a finding *942 of delinquency based on misconduct other than that which is set forth in the petition. This would violate the constitutional right of the juvenile to be notified of the charges against him. State in Interest of Ogletree, 244 So.2d 288 (La.App. 4 Cir. 1971); In re Gault, supra.” (In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).
In the record, we note that after trial, the court found Johnson delinquent as charged, and then at the dispositional hearing, ordered the correction of that finding to show that Johnson was found guilty of conspiracy to commit armed robbery. Referring to the Code of Criminal Procedure we determined that a finding of guilty of conspiracy to commit armed robbery is not one of the responsive verdicts which may be rendered where armed robbery is charged. C.Cr.P. Art. 814(19). The crime of criminal conspiracy is set out in L.R.S. 14:26 and contains elements not contained in this petition or in R.S. 14:64. The commitment was based on the judge’s conspiracy finding, and hence the juvenile was committed on a charge other than that specified by the petition filed against him. See for example State in Interest of Simon, 295 So.2d 473 (La.App. 3rd Cir. 1974).
The application for certiorari prays that we vacate and rescind the order of commitment because it is based on this erroneous finding and that we order the immediate release of the juvenile. On the other hand, the State points out that if we declare the judge’s finding of conspiracy to be error, nevertheless there still remains the judge’s original finding of delinquent as charged, and the juvenile should be remanded to the Juvenile Court for another dispositional hearing, and possible commitment based upon the original finding. We disagree with the State’s contention.
There appears to be some confusion in the record as to what the exact verdict was. It appears to us that the judge’s final decision was perhaps based upon a conclusion that the juvenile should be found guilty of a lesser grade of the offense of armed robbery, a very serious offense within that category of crimes which may justify handling of a juvenile 15 years old or older in the adult court. In any event, it is obvious that the court did not find the juvenile not guilty or not delinquent. We can only conclude that the judge did not render a responsive verdict in accordance with the petition filed against this juvenile with the result that the trial is a mistrial.
Although this case does not require deciding the applicability of any of the Code of Criminal Procedure, we note that, at best by analogy, at this point the trial judge might have remanded himself to further consider the verdict, as he would remand a jury which gave a nonresponsive verdict, C.Cr.P. 813; or he might have granted the equivalent of a motion in arrest of judgment, C.Cr.P. 859(5), with the result of remanding the “defendant” to custody or bail for new trial, C.Cr.P. 862; or, possibly, he might have simply granted a new trial on the ground that the verdict was “contrary to the law”, C.Cr.P. 851(1), because not responsive.
Because of the discretion granted to the Juvenile Court under the provisions of R.S. 13:1574, we need not order one of these alternatives rather than another. Instead we refer this matter back to the Juvenile Court which shall take whatever action the interest of the public or of the child require.
For the reasons above assigned, IT IS ORDERED, ADJUDGED AND DECREED that the commitment of the applicant Roger Johnson be vacated and annulled and he is ordered discharged from the Department of Corrections into the custody of the Juvenile Court for the Parish of Orleans for such further action as the interest of the public or of the child require.
COMMITMENT ANNULLED.