DIXON, Justice.*
Defendant, Arnold Lee Franks, was charged by a bill of information with being an accessory after the fact to the commission of simple burglary in violation of R.S. 14:25. Defendant, having waived his right to a jury trial, was tried and convicted by the trial judge, who sentenced him to a two year sentence, suspended, with supervised probation for three years.
Defendant has appealed his conviction and sentence, relying on two assignments of error.
The essential facts upon which defendant’s conviction was based are:
On May 31, 1978 at about 12:30 a. m., the defendant was at John Pailette’s apartment with David Levasseur, Timothy Weeks and Debbie Young. The idea of burglarizing a building in downtown Monroe was discussed but defendant refused to join the others. Defendant and Debbie Young remained in the apartment while the others burglarized a doctor’s office and an adjacent grocery- *MCCCXII pharmacy. Soon afterwards John Pailette returned to the apartment and asked defendant for the use of his truck to haul the stolen goods away from the scene. Defendant drove his truck to the site of the burglary, helped load the stolen goods into the truck, drove the others (with one lying down in the bed of the truck) to the apartment and helped unload the goods. Defendant was given a carton of cigarettes for his assistance. The police did not discover the burglary until 8:30 that morning and Pailette, Levasseur and Weeks were not arrested until June 8th.

Assignment of Error No. 1

By this assignment of error defendant argues that the trial court erred in denying his motion to quash the bill of information. The bill of information tracked the language of R.S. 14:25 which provides:
“An accessory after the fact is any person who, after the commission of a felony, shall harbor, conceal, or aid the offender, knowing or having reasonable ground to believe that he has committed the felony, and with the intent that he may avoid or escape from arrest, trial, conviction, or punishment.”
In response to defendant’s request for a bill of particulars, the state contended that defendant had provided assistance to the burglars in driving the “get-away” truck. Defendant argues that there was no evidence of an essential element of the crime, that is: harboring, concealing, or aiding the offenders with the intent that they may avoid or escape from arrest. Defendant contends that his actions in loading and driving the get-away truck did not constitute concealing or aiding the offenders with the intent that they would avoid or escape from arrest because the burglary had not been discovered.
In State v. Mitchell, 337 So.2d 1189 (La.1976), this court held that a passenger in a car who snatched the victim’s purse and then switched places with the driver and drove the get-away car from the scene was properly charged as both a principal and an accessory after the fact. The court reasoned that driving the get-away car was a means of preventing both her own and her accomplice’s arrest.
The Reporter’s Comment following R.S. 14:25 states:
“Generally speaking, virtually any sort of aid given to a fugitive felon, to hinder his being arrested, tried or punished, will make the person assisting an accessory after the fact — as furnishing a car, food, shelter or money to help him escape or elude the lawful authorities . . .”
In State v. Jackson, 344 So.2d 961 (La.1977), this court held that under its terms, R.S. 14:25 requires evidence that the defendant harbored, concealed, or aided the felons personally with the specific intent of preventing their apprehension. Therefore, in order to charge defendant as being an accessory after the fact it is necessary to have evidence that he committed an overt act to prevent the felons’ arrest. By loading his truck with the stolen goods and driving the burglars in the get-away vehicle from the scene of the burglary, defendant committed an overt act from which the trier of fact could reasonably infer that defendant acted with the specific intent to aid the burglars and prevent their arrest. Accordingly, defendant was properly billed as an accessory after the fact.[1]

Assignment of Error No. 2

By this assignment of error defendant argues that the trial court erred in denying his motion for a new trial. Defendant rear-gues his contention that no evidence was adduced at trial proving that he aided the burglars with the intent of preventing their apprehension.
This assignment is without merit.
For the reasons assigned, defendant’s conviction and sentence are affirmed.

 Honorable JESSE N. STONE, Jr. served as Justice Ad Hoc in the vacancy created by the resignation of TATE, J.

. Defendant’s participation in the burglary also made him a principal under R.S. 14:24 which provides:
“All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.”