JONES, Judge.
The State of Louisiana petitioned the District Court of East Carroll Parish, sitting as a juvenile court, for an adjudication of delinquency of the minor Donald Ray Gibson. Donald was charged with violation of L.R.S. 14:27 in that he attempted an act of simple rape (L.R.S. 14:43) upon a female. The court found Donald not delinquent on the charge of attempted simple rape but held him delinquent on attempted sexual battery (L.R.S. 14:43.1), which the court denominated a “lesser included offense”. Donald was committed to the custody of the Department of Corrections for a maximum sentence of five years but not to exceed his 21st birthday.
Donald was sixteen years old at the time of the alleged attack upon the victim (June 11, 1979). The attempted crime took place in broad daylight on the above date between 9:30 and 10:00 a. m. The victim was sitting in her car outside a small grocery store waiting for it to open when Donald drove up and approached her. After some light conversation Donald jumped onto her, fighting, pushing, scratching; and in the *1062 process of attempting to rape the victim he tore her slacks down to her knees. The victim persuaded him to get off her and convinced him she would follow him in her car. As soon as he got up, however, she locked her doors and chased him in order to get his license plate number. The number was given to the East Carroll Parish Sheriff’s Department, who relayed it to the Louisiana State Police. An identification was run on the license plate, and it would found to belong to a Gibson family on LeGrand Street in Lake Providence. The car at this residence matched the victim’s precise description, including the color, make and the presence of a Grambling University sticker and license plate. Since Donald was not home, the state troopers left and returned at 10:00 p. m. that same night when they arrested Donald. Donald was placed in a line-up with two other black males of comparable size and coloring, and the victim identified him. She again identified Donald at trial.
Among several assignments of error are the following: (1) the trial court erred in denying defendant’s motion to suppress the identification made by the victim at the line-up, (2) the trial court erred in allowing the in-court identification of defendant to be made, (3) the trial court erred in denying defendant’s motion for a directed verdict of not guilty of attempted simple rape, (4) the trial court erred in finding defendant guilty of attempted sexual battery on the grounds that attempted sexual battery is a responsive verdict to and a lesser and included offense of attempted simple rape, (5) the trial court erred in denying defendant's motion to strike the victim’s unresponsive answer that she was “slightly hysterical,” and (6) the trial court erred in denying defendant’s motion for acquittal after judgment , filed pursuant to C.J.P. art. 77(B). Because we find the case to turn upon that assignment of error dealing with the correctness of the so-called responsive verdict, we do not reach the other assignments of error.
L.R.S. 14:43 provides as follows:
“Simple rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because it is committed under any one or more of the following circumstances:
(1) Where the victim is incapable of resisting or of understanding the nature of the act by reason of stupor or abnormal condition of the mind produced by an intoxicating, narcotic, or anesthetic agent, administered by or with the privity of the offender; or when victim has such incapacity, by reason of a stupor or abnormal condition of mind from any cause, and the offender knew or should have known of the victim’s incapacity; or
(2) Where the victim is incapable, through unsoundness of mind, whether temporary or permanent, of understanding the nature of the act; and the offender knew or should have known of the victim’s incapacity; or
(3) Where the female victim submits under the belief that the person committing the act is her husband and such belief is intentionally induced by any artifice, pretense, or concealment, practiced by the offender.”
L.R.S. 14:43.1 provides as follows:
“Sexual battery is the intentional engaging in a sexual act with another person, who is not the spouse of the offender, where the offender compels the other person to submit by placing the other person in fear of receiving bodily harm.
Sexual act, as used in this article means conduct between human being consisting of contact between the penis and the vulva, the penis and the anus, the mouth or tongue and the penis, or the mouth or tongue and the vulva.”
Since there are no procedures provided in the Code of Juvenile Procedure for the rendering of responsive verdicts against juveniles, we must look to the Code of Criminal Procedure which is indirectly applicable to juvenile proceedings (See State in the Interest of Batiste, 367 So.2d 784 (La.1979), at page 786) in order to determine if the verdict of guilty of attempted sexual battery is responsive to a charge of attempted simple rape. We hold that it is not.
C.Cr.P. art. 814(A)(11) reads as follows:
*1063 “A. The only responsive verdicts which may be rendered where the indictment charges the following offenses are:
11. Attempted Simple Rape:
Guilty ■
Not Guilty.” [our emphasis].
C.Cr.P. art. 814 was amended in 1978, the same year in which the crime of sexual battery was created, but it was obviously not amended to add attempted sexual battery as a responsive verdict to attempted simple rape. From the clear language of the statute above, it would appear that the verdict given defendant was incorrect.
Defendant as a juvenile is entitled to due process under the law. LSA-Const. art. 1, § 2, § 13. Included within the concept of due process is the right to be informed of the nature of the charge against him. See In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). Defendant must be put on notice that the crime with which he is charged (here, attempted simple rape) included within it the charge of which he is eventually found guilty (here, attempted sexual battery). See Batiste, supra, in which it was held that the juvenile defendant and his parents were placed on notice that the charge of theft included within it all the elements of the lesser included offense of which this defendant was adjudicated guilty, viz., unauthorized use of a movable. Of significance is the fact that C.Cr.P. art. 814(A)(23) lists guilty of unauthorized use of movables as a responsive verdict to the indictment charging theft.
The fourth circuit recently dealt with a similar problem in State in the Interest of Johnson, 365 So.2d 940 (La.App. 4th Cir. 1978). The juvenile there was charged with armed robbery but found guilty of conspiracy to attempt armed robbery. The court of appeal held that because the verdict given was not listed in C.Cr.P. art. 814 as being responsive to a charge of armed robbery and because the crime which the juvenile was found to have committed contained elements not included in the armed robbery statute, defendant’s constitutional right to be informed of the nature of the accusation against him had been violated.
In State v. McCoy, 337 So.2d 192 (La. 1976), the supreme court dealt with the issue of the responsiveness of a verdict to a charge not included in C.Cr.P. art. 814. The defendant had been charged with aggravated crime against nature and was convicted of crime against nature, which he argued was an unresponsive verdict. C.Cr.P. art. 814 did not include the responsive verdicts that may be rendered for aggravated crime against nature. The court therefore had to look to C.Cr.P. art. 815 to determine if crime against nature was responsive to aggravated crime against nature. C.Cr.P. art. 815 reads as follows:
“In all cases not provided for in Article 814, the following verdicts are responsive:
(1) Guilty;
(2) Guilty of a lesser and included grade of the offense even though the offense charged is a felony, and the lesser offense a misdemeanor; or
(3) Not Guilty.” [emphasis ours].
The court applied the test of a lesser and included offense and determined that the crime for which defendant was convicted was indeed responsive to that with which he was charged.
It is clear from this case and from the very language of C.Cr.P. art. 815 that the C.Cr.P. art. 815 test of a lesser and included offense applies only when the crime with which defendant is charged is not listed among those for which responsive verdicts are given. That is, if a crime is listed in C.Cr.P. art. 814 along with its responsive verdicts, the court shall not inquire further to determine whether the verdict actually rendered is responsive—provided the crime the defendant is convicted of is listed in C.Cr.P. art. 814 as a responsive verdict. If the crime which the trial court actually finds defendant guilty of committing is not enumerated under C.Cr.P. art. 814 as responsive to the crime charged, then the verdict is unresponsive and there is no further need or indeed right for inquiry whether the crime which the defendant is convicted of is a lesser but included crime of the offense of which defendant is actually charged with having committed.
*1064 State v. Turnbull, 377 So.2d 72 (La.1979), in which the defendant was charged with forcible rape and convicted of simple rape, recognized the exclusivity of C.Cr.P. art. 814 as to crimes listed there. The supreme court found that because the legislature did not amend C.Cr.P. art. 814 to include specific responsive verdicts for the newly enacted crime of forcible rape, the responsive verdicts to a charge of forcible rape must be examined in light of C.Cr.P. art. 815, implying that should the legislature have included responsive verdicts to forcible rape within C.Cr.P. art. 814, the court would have to look no farther than C.Cr.P. art. 814 and would not have to apply the test of a lesser and included offense of C.Cr.P. art. 815.
Because attempted sexual battery is not included in the listing of C.Cr.P. art. 814(A)(11) as a responsive verdict to a charge of attempted simple rape, we hold that attempted sexual battery is not a responsive verdict to the crime which the defendant was charged as having committed, and hence defendant’s conviction on this charge must be invalidated because of the violation of his constitutional right to know the nature and cause of the charge against him.
We observe that should the test of C.Cr.P. art. 815 have been applicable to the present case that attempted sexual battery is not a lesser and included offense of attempted simple rape. Under the jurisprudence a crime which is composed of some, but not all, of the elements of the greater crime and which does not have any element not included in the greater offense is a lesser and included offense. State v. Stewart, 292 So.2d 677 (La.1974). All elements of the lesser offense must be necessarily contained in the definition of the greater offense in order to meet the responsive verdict test. State v. Poe, 214 La. 606, 38 So.2d 359 (1948). If a reasonable state of circumstances can be hypothesized in which the greater offense is committed without commission of the lesser offense, then a verdict for the lesser offense cannot be responsive. Poe, supra.
Attempted sexual battery requires the victim to be placed by the offender “in fear of receiving bodily harm”, i. e., by use of force or threats thereof, while attempted simple rape, the greater offense, involves no such submission by the victim because of fear of bodily harm. Attempted sexual battery is not a lesser and included offense of attempted simple rape because not all elements of attempted sexual battery, viz., the placing of the victim in fear of receiving bodily harm, are included within the definition of attempted simple rape.
We note from the record that the Assistant District Attorney who tried this case attributed the error in the preparation of the petition to have the minor adjudicated a delinquent to the fact that it was prepared by a Juvenile Officer rather than by the District Attorney who signed the petition. While this regrettable error has resulted in the deplorable results here reached, the due process guaranteed the juvenile by Gault and Batiste, supra, will not permit the adjudication of delinquency to remain undisturbed.
The adjudication of delinquency grounded upon the conviction of attempted sexual battery is REVERSED and invalidated, and the commitment based upon it is set aside.