413 So.2d 659 (1982)
STATE of Louisiana In the Interest of Donnell PIGOTT.
No. 15013.
Court of Appeal of Louisiana, First Circuit.
April 13, 1982.
*660 James S. Farmer, Asst. Dist. Atty., Covington, for the State.
H. Gregory Briese, Bogalusa, Court-Appointed, for Child.
Before LEAR, CARTER and CHIASSON, JJ.
CARTER, Judge.
On July 8, 1981, Donnell Pigott was adjudicated a delinquent in the Juvenile Court *661 for the Fourth Ward, Washington Parish. The petition charged that the minor committed a delinquent act of being an accessory after the fact to simple robbery in violation of La. Revised Statutes 14:25 and 14:65, and that as a result of the above act, the minor was in violation of his parole. At the disposition hearing on July 14, 1981, the court committed the minor to the Department of Corrections for a period not to exceed two years.
Counsel for the minor filed this appeal challenging the adjudication on two assignments of error: (1) failure of the State to prove each essential element of the crime specified in the petition, and (2) commitment of the minor on charges not set forth and specified in the State's original petition. The adjudication of delinquency must be reversed.
On May 26, 1981, sometime shortly after 5:00 p. m., Dorothy Powe drove from Ashley's Outlet to First State Bank, accompanied by Agnes Edwards, manager of the outlet, and Ms. Powe's son, Kenny. Ms. Powe got out of her truck and was walking up to the bank carrying a bag containing the store's daily receipts when a youth, Carey Williams, ran up to her, twisted the bag off her arm, and ran away with it. The testimony at trial relating to the charge that Donnell Pigott was an accessory after the fact to this crime is confusing and contradictory and will be discussed below.

ASSIGNMENT OF ERROR NO. 1
La.Code Juv.P. art. 73 reads as follows:
"If the petition requests that the child be adjudicated a delinquent, the state shall prove beyond a reasonable doubt that the child committed a delinquent act alleged in the petition.
If the petition requests that the child be adjudicated a child in need of supervision or a child in need of care, the state shall prove the allegations of the petition by a preponderance of evidence."
In an adjudication proceeding, the State must prove beyond a reasonable doubt that the child committed a delinquent act alleged in the petition. A delinquent act is an act committed by a person under seventeen years of age which is an offense, either felony or misdemeanor, under the statutes or ordinances of Louisiana, of another state if the act occurred there, or under federal law. La.Code Juv.P. art. 13(7), (3). This burden of proof, beyond a reasonable doubt, is no less severe than the burden of proof required in an adult proceeding. In Interest of Franklin, 399 So.2d 671, (La.App. 1st Cir. 1981), In Interest of Day, 378 So.2d 511 (La.App. 4th Cir. 1979), In Interest of LaRocca, 363 So.2d 1325 (La. App. 4th Cir. 1978).
In Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the United States Supreme Court stated that the standard of review of the sufficiency of evidence in federal habeas corpus cases is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. The Louisiana Supreme Court has adopted that standard when reviewing allegations by defendants that the State has presented insufficient evidence to prove beyond a reasonable doubt an essential element of the crime charged. State v. Morgan, 389 So.2d 364 (La.1980); State v. Byrd, 385 So.2d 248 (La.1980); State v. Landry, 381 So.2d 462 (La.1980).
This same standard of review now also applies to juvenile proceedings. In Interest of Franklin, supra. The scope of this court's review extends to both law and fact. La.Const. art. 5, § 10; In Interest of Franklin, supra; State in Interest of Giangrosso, 385 So.2d 471 (La.App. 1st Cir. 1980), affirmed, 395 So.2d 709 (La.1981). In considering the law and the facts of this case, we find that the State did not prove beyond a reasonable doubt certain elements of the crime of accessory after the fact.
La.R.S. 14:25 reads:
"An accessory after the fact is any person who, after the commission of a felony, shall harbor, conceal, or aid the offender *662 knowing or having reasonable ground to believe that he has committed the felony, and with the intent that he may avoid or escape from arrest, trial, conviction, or punishment."
The article requires that there must be some act by which the defendant harbors, conceals, or aids the offender, and that this act must be done with a specific intent to help the offender avoid or escape from arrest, trial, conviction, or punishment. State v. Jackson, 344 So.2d 961 (La.1977). The Reporter's comment following that article states:
"Generally speaking, virtually any sort of aid given to a fugitive felon, to hinder his being arrested, tried or punished, will make the person assisting an accessory after the factas furnishing a car, food, shelter or money to help him escape or elude the lawful authorities, or using force or threats to rescue or protect him."
The trial judge felt that the juvenile was in some way involved in the crime. Vague ideas of criminal involvement, however, may never suffice to support a guilty verdict to a specific charge. Even excluding all of the testimony favorable to defendant and accepting as true the testimony of Carey Williams, the principal in the crime and the State's strongest witness, we cannot say that Donnell Pigott harbored, concealed, or aided Williams with the intent that Williams avoid arrest. Williams's most damaging testimony was that Donnell knew of the plans for the crime and that several hours after perpetration, Donnell drove Williams around in a car and later accepted some of the stolen money. State v. Jackson, supra, dealt with a similar factual situation. There, the defendant knew of the planned crime and after the crime accepted some of the stolen money and goods in return for not reporting the offenders. The court found that no aid was given to the fugitive felon personally to prevent his arrest; therefore, an essential element of the crime of accessory after the fact was missing.
In State v. Franks, 377 So.2d 1231 (La. 1979), rehearing denied, 1980, the defendant knew of the plans to commit the burglary. After the burglary had taken place, the offenders asked the defendant for the use of his truck to haul the stolen goods away from the site of the burglary. Defendant drove his truck to the site, helped load the stolen goods, drove the goods to an apartment, and helped unload them. Relying upon a case in which the driver of a "get-away" car was held to be an accessory after the fact,[1] the court found the defendant guilty of being an accessory because he had committed an overt act (loading the truck and driving the burglars in the "get-away" vehicle from the scene of the burglary) from which the trier of fact could reasonably infer that he had acted with the specific intent to aid the burglars and prevent their arrest. In the instant case, we cannot say that the car was used as a "get-away" car. Nor can we say it was used to aid or conceal Williams to prevent his arrest. The ride in the car did not occur until several hours after the robbery. There was no testimony that Williams was trying to hide or run away. The boys returned home the same night. They may as well have been walking around together or riding a bus together.
Based on Jackson v. Virginia, supra, and the Louisiana cases that have adopted the standard enunciated therein, we must overturn this adjudication because there was insufficient evidence to prove the elements of the crime charged.

ASSIGNMENT OF ERROR NO. 2
Defendant urges that it was error to have him committed on a crime other than that specified in the petition. As mentioned before, the trial judge was convinced that the minor was involved in some way in criminal activity. He said:
R. pp. 67
"The evidence is sufficient to warrant adjudication. The Court of Appeal is going to have to decide whether or not the rules of civil procedure apply and what *663 are lessor offenses. As far as I am concerned I am not going to narrow it down as to the question of whether or not Donnell Pigott was a principal, an accessory or a co-conspirator. I think that the petition is sufficient to put him and his counsel on notice that the facts which were introduced today would be produced by the defense, and I think that the rules of procedure permit the proof on any one of those three crimes or delinquent acts, and I am satisfied that there was a presence at the scene before the actual taking of the bag, and that there was some planning prior to the taking of the bag, and that there was a concealment after the taking of the bag, and that there was a division of the spoils. On that basis you can pick your crimes."
It is obvious from a further reading of the transcript that the judge was motivated by a desire to promote the welfare of the juvenile and of society by seeing that the juvenile be placed in an institution geared to rehabilitate delinquents.
We have concluded that the evidence could not support a guilty verdict beyond a reasonable doubt of the crime charged in the petition. The trial judge apparently anticipated this decision and felt we could find a lesser and included offense.
The Code of Juvenile Procedure has no provisions relating to responsive verdicts or lesser and included offenses. It does provide for supplementary procedures in art. 24. That article reads:
"The provisions of this Code, except as otherwise specifically provided in the law being applied, shall govern and regulate the proceedings of courts exercising juvenile jurisdiction.
Where procedures are not provided in this Code, or otherwise by law, the court shall proceed in accordance with:
(1) The Code of Criminal Procedure in a criminal trial of an adult; or
(2) The Code of Civil Procedure in all other matters.
Added by Acts 1978, No. 172, S. 1, eff. Jan. 1, 1979."
In State in Interest of Gibson, 382 So.2d 1060 (La.App. 2d Cir. 1980), writ denied 385 So.2d 275 (La.1980), the court looked to the Code of Criminal Procedure articles on responsive verdicts in a juvenile case. It cited State in Interest of Batiste, 367 So.2d 784 (La.1979) as authority for the proposition that the Code of Criminal Procedure is indirectly applicable to juvenile proceedings. Batiste (decided prior to adoption of The Code of Juvenile Procedure) found that there was no statute under the law expressly declaring criminal procedural laws inapplicable to juvenile court proceedings. We are in agreement with our brethren of the Second Circuit and expressly hold that in the trial of a juvenile, the Louisiana Code of Criminal Procedure controls as concerns responsive verdicts.
In Gibson, the appeal was from the trial judge's ruling that there was a lesser and included offense. In the instant case, the trial judge did not find a specific offense, but left that determination for the appellate court. Until recently, the Supreme Court in criminal cases remanded cases with instructions to discharge the defendant when the evidence did not support a conviction. In State v. Byrd, 385 So.2d 248 (La.1980), the court found that discharge of the defendant is neither necessary nor proper when the evidence does support a conviction on a lesser and included offense which is a legislatively authorized responsive verdict. We see no reason why the rationale and justification used in Byrd should not apply to juvenile cases on appeal.
The question now is whether or not there is a lesser and included offense to accessory after the fact. We find that there is not. Accessory after the fact is not listed in La.Code Crim.P. art. 814, the article on particular responsive verdicts. When a crime is not listed there, La.Code Crim.P. art. 815 is applicable. State in Interest of Gibson, supra.
That article reads as follows:
"In all cases not provided for in Article 814, the following verdicts are responsive:

*664 (1) Guilty;
(2) Guilty of a lesser and included grade of the offense even though the offense charged is a felony, and the lesser offense a misdemeanor; or
(3) Not Guilty."
In State v. Stewart, 292 So.2d 677 (La. 1974), the court said, "A lesser included offense is one composed of some, but not all, of the elements of the greater crime, and which does not have any element not included in the greater offense."
The trial judge suggested that Donnell may have been a principal or co-conspirator in the crime of simple robbery. Both of these possibilities have elements which are not present in the crime of accessory after the fact. A principal must either directly participate or aid and abet in the commission or directly or indirectly counsel or procure another to commit the crime. These are acts which by definition must be done before the commission of the crime. They are not fact to be considered in the crime of accessory after the fact. Criminal conspiracy requires some agreement or combination for the purpose of committing a crime. Again, the essence of conspiracy is the planning beforehand of the crime, a factor not relevant to the crime of accessory after the fact.
Though there may have been evidence showing Donnell to have been a principal or a co-conspirator or even to show guilt of compounding a felony and receiving stolen property, Donnell cannot be convicted of those crimes because they possess elements not essential to the crime of accessory after the fact.
The constitutional implications of imposing a verdict of a lesser offense, whether by the trial court or the appellate court, when the evidence cannot sustain the offense charged in the petition can be profound. An accused has a right to be informed of the nature and cause of the accusation against him. La.Const.art. 1, § 13. The defendant must have sufficient notice of the crime charged. We note that the petition in Donnell's case alleged only that he committed the crime of accessory after the fact (and violated his parole). The State alleged no facts showing other crimes, so there was no notice to prepare him to defend against other possible charges having different elements from the charge in the petition.
For the above and foregoing reasons, the adjudication of Donnell Pigott as a delinquent based on the commission of a delinquent act alleged in the petition must be reversed and a judgment of acquittal entered.
Donnell Pigott was on probation at the time of the incident in question. There were several conditions of probation, one of which was that he obey all federal, state, and local laws or ordinances. Our opinion does not preclude a proceeding to revoke this juvenile's probation on grounds other than being an accessory after the fact to simple robbery. Such a proceeding, however, presupposes adequate and proper notice and must be contradictory.[2] See State in Interest of Wright, 387 So.2d 75 (La.App. 4th Cir. 1980), remanded for computation of sentence; otherwise writ denied, 391 So.2d 456 (La.1980); State v. Davis, 375 So.2d 69 (La.1979).
REVERSED.
NOTES
[1] State v. Mitchell, 337 So.2d 1189 (La.1976).
[2] See La.Code Juv.P. arts. 91-93.