GRISBAUM, Judge.
The juvenile defendant appeals being adjudicated a delinquent premised on proof of two counts of simple battery (La.R.S. 14:35). We affirm.
ISSUE
Whether the evidence was sufficient to prove simple battery so as to establish delinquency.
PROCEDURAL HISTORY
On October 14, 1987, the State filed two petitions, one charging the juvenile defendant with the simple battery of Asandria Williams and the other charging her with the simple battery of Troy Bechet. The offenses were, by agreement of counsel, consolidated for trial, which was held November 18, 1987. A signed minute entry/judgment adjudging the minor “delinquent as charged” was filed into the record December 12, 1987. Two days later, the minutes reflect, an oral motion for appeal was made. Written motion was filed January 15, 1988.
ANALYSIS
Under C.J.P. art. 13(7), a “ ‘Delinquent act’ means an act committed by a person less than seventeen years of age, and designated an offense under the statutes or ordinances of this state ... or under federal law.” A court exercising juvenile jurisdiction has original jurisdiction over “A proceeding in which a child is alleged to be a delinquent child.” C.J.P. art. 15(A). Such a proceeding is commenced by petition. C.J.P. art. 45. An adjudication hearing is to be “conducted according to the rules of evidence applicable to civil proceedings,” C.J.P. art. 71; however, the burden lies with the State to “prove beyond a reasonable doubt that the child committed a delinquent act alleged in the petition,” C.J.P. art. 73. The court must enter of record “a written judgment of disposition,” C.J.P. art. 87, upon deciding the case.
Here, counsel asserts that the evidence offered at the adjudication hearing does not prove simple battery so as to support the delinquency adjudication. Simple battery is defined by La.R.S. 14:35 as “a battery committed without the consent of the victim.” “Battery” under La.R.S. 14:33 “is the intentional use of force or violence upon the person of another; or the intentional administration of a poison or other noxious liquid or substance to another.” The intent prescribed by statute is general, not specific, intent. State v. Comeaux, 249 La. 914, 192 So.2d 122, 125 (1966). “General criminal intent,” under the terms of La. R.S. 14:10(2), “is present whenever there is specific intent, and also when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act.”
*1073 Simple battery is not proved where the defendant demonstrates that his conduct was justified. State v. Thompson, 366 So.2d 1291, 1293 (La.1978). Under La.R.S. 14:18, “The fact that an offender’s conduct is justifiable, although otherwise criminal, shall constitute a defense to prosecution for any crime based on that conduct.” More specifically, under La.R.S. 14:19,
The use of force or violence upon the person of another is justifiable, when committed for the purpose of preventing a forcible offense against the person or a forcible offense or trespass against property in a person’s lawful possession; provided that the force or violence used must be reasonable and apparently necessary to prevent such offense....
Finally, as to self-defense, under La.R.S. 14:21, “A person who is the aggressor or who brings on a difficulty cannot claim the right of self-defense unless he withdraws from the conflict in good faith and in such a manner that his adversary knows or should know that he desires to withdraw and discontinue the conflict.” An affirmative defense in a criminal matter “need be established only by a preponderance of evidence, not beyond a reasonable doubt as is incumbent on the state to prove defendant’s guilt.” State v. Landry, 381 So.2d 462, 467 (La.1980).
Our standard of review in a delinquency matter premised upon proof of a crime is that enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), to wit: “whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.” State in the Interest of Pigott, 413 So.2d 659, 661 (La.App. 1st Cir.1982). See also State in the Interest of Redd, 445 So.2d 126, 127 (La.App. 2d Cir.1984) and In the Interest of Franklin, 399 So.2d 671, 673 (La.App. 1st Cir.1981). This Circuit adopted this jurisprudence in State in the Interest of Tatom, 463 So.2d 35, 37 (La.App. 5th Cir.1985), stating:
In an adjudication proceeding, the State must prove beyond a reasonable doubt that the minor committed a delinquent act as alleged in the petition and that the burden of proof, beyond a reasonable doubt, is no less severe than the burden of proof standard required in an adult proceeding. LSA-C.J.P. art. 73, State of Louisiana in the interest of Pigott, 413 So.2d 659 (La.App. 1st Cir.1982). That standard, as articulated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proof beyond a reasonable doubt. This standard was adopted and made applicable to juvenile proceedings by the court in Pigott, supra. Thus, when reviewing juvenile proceedings, this court is obligated to ascertain whether the State has presented sufficient evidence to prove beyond a reasonable doubt an essential element of the crime charged. Pigott, supra.
Applying the legal principles to these facts, there is no proof that the disciplinary measures (i.e., the restraints) undertaken by the victims here were unreasonable or excessive so as to demonstrate that the minor was justified in resisting. See, by analogy, the analysis of unlawful arrest in State in the Interest of Courtney, 411 So.2d 593 (La.App. 1st Cir.1982), writ denied, 413 So.2d 508 (La.1982). In short, there being no proof that the minor’s restraint was unlawful, there is no proof of any justification.
As to the use of force without the consent of the victim, both victims testified that they were struck without their consent.
Finally, as to the juvenile’s intentional use of force or violence, a careful reading of the testimony reveals that Ms. Troy Bechet was “hit” by the minor after she (Bechet) attempted to restrain the minor from biting her own wrists. Bechet says, “it seemed apparent to me that she didn’t want me to hold her. She hit me.” The minor struck at the care center employees “a couple of times” as they were *1074 trying to prevent her from harming herself, Bechet explains.
Ms. Asandria Williams likewise testifies that she was hit by the juvenile. “She struck me twice while we were in the restraint,” Williams says, adding, “and once after the restraint was over she was attempting to hop over a counter in the kitchen and we were trying to stop her from doing that and she struck out at me.”
A careful reading of the testimony indicates that, when the batteries occurred, the minor was doing something more than attempting to wrest herself free from the workers’ restraints. Rather, she was actually striking at the workers. This behavior, which occurred over some time — at least 40 minutes — , when viewed in the light most favorable to the State, manifests a general intent to use force or violence on the victims such that any rational trier of fact could have found that battery had been proved. Thus, no error.
For the reasons assigned, the judgment of the trial court is affirmed.
AFFIRMED.