REDMANN, Judge.
Henry Schexnaydre, Michael Rooney and Louis Martens appeal from an adjudication of juvenile delinquency by the Juvenile Court for the Parish of Jefferson on petitions of the State in the interest of appellants charging each “with being a delinquent juvenile on the alleged commission of attempt aggravated rape” and probation or parole violation.
The State has filed a motion to dismiss the appeal and the original matters for lack of jurisdiction in the Juvenile Court of the crime of attempted aggravated rape by children fifteen years of age or older, LSA-La.Const. art. VII, sec. 52; LSA-R.S. 13:1570, subd. A(5). Appellants were each fifteen or sixteen years old at the time of the incident in question.
We are of the opinion that this Court has jurisdiction of the appeal under LSA-La.Const. art. VII, sec. 29, granting the Courts of Appeal jurisdiction of “all matters appealed from the family and juvenile courts, except criminal prosecutions against persons other than juveniles” unless the Supreme Court is given jurisdiction under art. VII, sec. 10.
The only provision of art. VII, sec. 10 which is arguably pertinent is the paragraph numbered (5), making appeal-able to the Supreme Court
“Criminal cases in which the penalty of * * * imprisonment at hard labor may be imposed, or in which * * * imprisonment exceeding six months has been actually imposed.”
A Juvenile Court case charging a juvenile with delinquency, whatever the grounds, is simply not a case in which imprisonment at hard labor may be imposed, the Court itself having no authority to impose such sentence; LSA-R.S. 13:1580.
We are also of the opinion that the present case is not a “criminal case”, In re Diaz, 211 La. 1015, 31 So.2d 195 (1947), and that the assigning of a child’s custody to an institution is not “imprisonment”, within the intent of those phrases as used in the 1948 amendment of art. VII, sec. 10, and as used in our constitution since 1913. We would concede an indefinite commitment to an institution which could conceivably last five or six years until age 21, may be one “exceeding six months”; see the somewhat analogous State v. Laborde, 214 La. 644, 38 So.2d 371 (1949).
We are aware that mere declarations that juvenile proceedings are not criminal, and custody assignment not imprisonment, cannot deprive a child of due process in Juvenile Court; Application of Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). But Gault itself recognizes the suitability of special trial courts for juveniles, and we see no offense to due process in providing appeal through the civil, rather than the criminal, appellate *372 structure as we conclude our constitution does. The motion to dismiss the appeal for lack of jurisdiction in this Court is therefore denied.
The Juvenile Court’s jurisdiction is stated by LSA-La.Const. art. VII, sec. 52, providing in part,
“The said Courts shall have jurisdiction, except for capital crimes and crimes defined by any law defining attempted aggravated rape if committed by children fifteen years of age or older, of cases of the State of Louisiana in the interest of children under seventeen years of age, as may be provided by the Legislature, brought before said Courts as delinquent or neglected children * * * »
The exception of “capital crimes” etc. can only mean that the Juvenile Court has no jurisdiction over a case of the State in the interest of a child fifteen or older brought before the Court as delinquent because of the alleged commission of such crime. We cannot say the Court has no jurisdiction over a fifteen year old for murder, but does have jurisdiction over him for delinquency “on the alleged commission of murder.” The only pertinent jurisdiction Juvenile Courts have is over delinquency, and the exception of capital crimes and attempted aggravated rape must, in our opinion, be understood as an exception to their delinquency jurisdiction.
We conclude that the present matters, where the petitions charged juveniles of appellants’ ages with delinquency “on the alleged commission of attempt aggravated rape”, are beyond the jurisdiction of the Juvenile Court.
We are not, of course, faced with the question whether a juvenile who is alleged to have committed attempted aggravated rape might properly fall within the Juvenile Court’s jurisdiction as a delinquent by reason of some lesser allegation than the attempted aggravated rape itself. Nor do we have the question whether, on some lesser allegation, the adjudication of the Juvenile Court on the merits would have been correct.
But we believe the Juvenile Court cannot, consistent with the due process requirement of notice of the charges stated by Gault, supra, adjudicate delinquency by reason of lesser elements of the juvenile’s behavior, upon a charge of delinquency by reason of a crime excluded from the Juvenile Court’s jurisdiction.
We note the petitions also charged appellants with being probation or parole violators. The Court minutes, however, merely show “Adjudged a juvenile delinquent. Committed to Monroe.” The Judge referred to the probation and parole status, but only in explanation of his conclusion that commitment was necessary in the best interest of the juveniles. In any event, we are persuaded by the considerations above set forth that the Juvenile Court would have no jurisdiction to determine whether a capital crime or attempted aggravated rape was committed by a juvenile fifteen or older for purposes of revoking probation or parole; for the Juvenile Court is without jurisdiction over those crimes. And we again note we are not faced with the question whether revocation for lesser elements of the overall incident would lie within the Juvenile Court’s jurisdiction.
Accordingly, the adjudications of delinquency and orders of commitment appealed from are annulled and set aside for lack of jurisdiction in the Juvenile Court, the appellants are discharged, and the petitions of the State in the interest of appellants as filed in that Court are dismissed.
Annulled, appellants discharged; petitions dismissed.