GARRISON, Judge.
Appellant Troy Day and Kenneth Irving were charged with the violation of R.S. 14:64 (armed robbery) as a result of the robbery of a gas station which occurred on January 3, 1979. On March 21, 1979, the matter was tried in Juvenile Court. At that time, the appellant was adjudged a delinquent and committed to the care of the Department of Corrections, Louisiana Training Institute, until his twenty-first birthday. Troy Day appealed from that judgment which we now affirm.
Although appellant raises several specifications of error, we find that this appeal is resolved on the threshold issue: Did the State prove every element beyond a reasonable doubt?
It is a well-settled principle that a juvenile is entitled to the protection of the due process clauses of the 14th Amendment to the United States Constitution, and to all the attendant safeguards guaranteed to anyone accused of a crime. In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). Likewise, the burden of proving the charges against a juvenile is no less than against an adult. In the Interest of LaRocca, 363 So.2d 1325 (La.App. 4th 1978). We find upon review that the State carried its burden of proof.
The evidence presented by the State included the license number of the vehicle, which was taken down by the victim while the robbery was in progress. This number matched the license number of the vehicle in which the defendant was apprehended approximately thirty minutes after the robbery occurred. Indeed the vehicle matched the description of the car involved in the robbery which was given by the victim. The State also produced both an on-scene and in court identification of both defendants by the victim. Additionally, Kenneth Irving placed both boys at the gas station at the time of the robbery.
In review of the facts, we cannot avoid the conclusion that the State proved every element beyond a reasonable doubt. Accordingly, we find no manifest error in the ruling of the trial judge. We do not find that defendant Troy Day was deprived of any constitutional rights in the course of these proceedings, nor was the allocation of the burden of proof placed on the defendant. The judgment of the trial court is affirmed.

AFFIRMED.