PONDER, Judge.
Defendant appealed from a finding of delinquency in a juvenile proceeding for the violation of La.R.S. 14:35 and the terms of his probation and the commitment to the custody of the Louisiana Department of Corrections for two six month consecutive terms. Although defendant made no assignment of error, we have examined the record and we affirm in part and reverse in part.[1]
The defendant, a fifteen year old junior high student, did not stand for the Pledge of Allegiance in his homeroom, and refused to accept a disciplinary slip for this conduct. There was conflicting evidence as to whether the teacher tendering the slip pulled the defendant’s desk out from under him causing him to fall to the floor or merely tugged at defendant’s desk to get his attention. When the defendant stood up, a fight between the two ensued. The majority of the testimony indicated that the teacher did not strike the defendant. The trial judge found the defendant guilty of simple battery and violation of his probation.
After making a motion for appeal, defendant’s counsel was relieved of duty and present counsel was appointed.
Juvenile proceedings are not classified as criminal proceedings. In the Interest of Aaron, 405 So.2d 1194 (La.App. 1st Cir. 1981). In Interest of Franklin, 399 So.2d 671 (La.App. 1st Cir. 1981). Where procedures are not provided in the Code of Juvenile Procedure, the courts must follow the Code of Civil Procedure. C.J.P. Art. 24(2).[2] However, a juvenile is entitled to *519 the protections of due process and all related safeguards guaranteed to one accused of a crime. In Interest of Day, 378 So.2d 511 (La.App. 4th Cir. 1979).
An assignment of error in unnecessary. C.C.P. Art. 2129.[3]
We do not find any error that would warrant reversal of the finding of delinquency and the commitment on the battery. Although there was much conflicting testimony, there was sufficient evidence to prove beyond a reasonable doubt that the defendant committed simple battery. Even assuming that the teacher acted improperly, the evidence shows the defendant used unreasonable and excessive force. La.R.S. 14:19.[4]
Even if the charge of violation of probation be sufficient, there is no proof of what the terms of the probation are and how they were violated. We therefore reverse on the charge of violation of probation and the commitment of six months thereon.
For these reasons, the decision of the trial judge on the offense of battery is affirmed. The adjudication and disposition on the charge of violation of probation are reversed.
AFFIRMED IN PART AND REVERSED IN PART.

. It has been suggested that the case is moot because the time of the commitments has already expired. However, since the findings of delinquency are a matter of record we elect to decide the case on the merits.

. C.J.P. Art. 24(2):
“The provisions of this Code, except as otherwise specially provided in the law being applied, shall govern and regulate the proceedings of courts exercising juvenile jurisdiction.
*519 Where procedures are not provided in this Code, or otherwise by law, the court shall proceed in accordance with:
******
(2) The Code of Civil Procedure in all other matters.”

. C.C.P. Art. 2129:
“An assignment of errors is not necessary in any appeal. Where the appellant designates only portions of the record as the record on appeal, he must serve with his designation a concise statement of the points on which he intends to rely, and the appeal shall be limited to those points.”

. La.R.S. 14:19:
“The use of force or violence upon the person of another is justifiable, when committed for the purpose of preventing a forcible offense against the person or a forcible offense or trespass against property in a person’s lawful possession; provided that the force or violence used must be reasonable and apparently necessary to prevent such offense, and that this article shall not apply where the force or violence results in a homicide.”