COVINGTON, Judge.
The State of Louisiana filed this delinquency proceeding against Blaine J. Michel, charging him by petition with possession of marijuana on August 24,1980. At the close of the hearing, the Parish Court adjudicated him delinquent based upon a finding that he was guilty of possession of marijuana. Michel, who was 16 years of age at the time of the offense, was committed to the custody of the Louisiana Department of Corrections for a period of time not beyond his seventeenth birthday. He has appealed to this Court.
On appeal, Michel contends that the trial court’s determination should be reversed on the ground that the State failed to prove beyond a reasonable doubt an essential ele *529 ment of the charge, i.e., possession of the marijuana.
This Court has recently affirmed use of the reasonable doubt standard of review enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in reviewing the sufficiency of evidence in a juvenile proceeding. In the Interest of Franklin, 399 So.2d 671 (La.App. 1 Cir. 1981). The Jackson standard is to review the sufficiency of the evidence by determining whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.
The record reflects that on August 24, 1980, at about 9:30 p. m., defendant was riding around Gonzales in the Parish of Ascension in an automobile owned and driven by Melvin Fontenot. Michel was seated in the right front seat and Daniel Melancon was occupying the rear seat. Because the vehicle had an excessively noisy muffler, two Gonzales police officers stopped it. As the officers approached the Fontenot car, they observed the passenger in the rear seat (Melancon) act suspiciously by ducking quickly out of sight as though he was hiding something beneath the front seat. Both officers approached the Fontenot vehicle and ordered the occupants to get out of the car. When Melancon did so, one of the officers saw a green vegetable substance that appeared to be marijuana on Melan-con’s pants. The officer also saw the same substance scattered on the back seat of the car. Melancon admitted that the substance was marijuana. In due course, the owner of the car, Fontenot, consented to a search of the vehicle by the officers. Thereupon, the officers found two packages of a green vegetable matter that, upon testing, proved to be marijuana. At the scene, the officers placed all three subjects under arrest. Testimony at the trial disclosed that Fontenot, Melancon and Michel were returning from purchasing the marijuana and cigarette papers to roll joints.
From this evidence, appellant argues that the State did not prove beyond a reasonable doubt that Michel “possessed” the marijuana in question. It is established that a person need not physically possess the marijuana (controlled dangerous substance) to violate the prohibition against possession; constructive possession is sufficient. State v. Edwards, 354 So.2d 1322 (La.1978); State v. Marks, 337 So.2d 1177 (La.1976). If a controlled dangerous substance is subject to a person’s dominion and control, regardless of whether it is in his physical possession, he is held to have “possession” (constructive possession) within the meaning of the law. State v. Edwards, supra. Moreover, a person may be in joint possession of a drug which is in the physical possession or custody of a companion where he wilfully and knowingly shares with the other the right to control of the drug. State v. Marks, supra; State v. Smith, 257 La. 1109, 245 So.2d 327 (1971).
The record reveals that Michel participated in the purchase of the marijuana and the entire activity. Defendant made no attempt to withdraw from the vehicle as Melancon prepared to “roll a joint” and smoke it. At the time the officers stopped the vehicle, Michel was as much a party to the possession of the marijuana as his two companions. Only the stopping of the car by the police at that moment prevented Michel and his companions from engaging in the smoking of the marijuana.
After carefully considering the entire record, we conclude that the Parish Court was not manifestly erroneous or clearly wrong in its finding that Michel was guilty as charged beyond a reasonable doubt. See State in Interest of Giangrosso, 385 So.2d 471 (La.App. 1 Cir. 1980).
For the foregoing reasons, we affirm the judgment of the Parish Court.
AFFIRMED.