421 So.2d 431 (1982)
STATE of Louisiana In the Interest of Tony Wayne WILLIAMS.
No. 82-CA-0280.
Court of Appeal of Louisiana, First Circuit.
October 12, 1982.
Wiley R. Dial, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee State of La.
Georgia Wilemon, Asst. Public Defender, Baton Rouge, for defendant-appellant Tony Wayne Williams.
Before EDWARDS, WATKINS and SHORTESS, JJ.
EDWARDS, Judge.
Tony Wayne Williams, a juvenile, appeals from a judgment adjudicating him delinquent and committing him to the Louisiana Department of Corrections for a period not to exceed his twenty-first birthday.
The state's petition for adjudication alleged that Williams had committed two counts of armed robbery. LSA-R.S. 14:64. The charges against Williams stem from an incident which occurred late on the night of November 11, 1981, at a Church's Fried Chicken store in Baton Rouge. Two employees, Sandra Martin and Joyce Lands, were working at the store that night.[1] At about 11:00 p.m., five black youths entered the store and sat at a table in the dining area. After remaining at the table for a few minutes, the five got up and went into the men's rest room. Upon exiting from the rest room, the youths left the store but remained outside in the parking lot.
The actions of the youths aroused the suspicions of Martin and Lands. The two store employees removed all excess cash from their cash registers and placed it in a locked safe. About twenty minutes after the youths left the building, four of them reentered while the fifth remained outside near the door. All four who entered the *432 store produced handguns and demanded that Martin and Lands open their registers and give them money. After receiving the money from the registers, a total of $58.00, all five youths fled the premises.
Martin notified the police of the robbery and Officer Royce Thompson was dispatched to investigate the incident. On the day after the robbery, Officer Thompson submitted to Martin a photographic lineup which included a photograph of Williams. Martin was unable to identify any of the photographs in the lineup as being that of any of the robbers.
Tony Williams was later arrested by Officer Thompson on the basis of information obtained from other sources. On November 24, 1981, the state filed its petition for adjudication as a delinquent. On December 18, 1981, Williams' court-appointed attorney filed a motion for discovery, seeking various material and information. In its answer, the state denied having any of the requested information in its possession with the exception of a statement made by an alleged co-conspirator.
On January 18, 1982, an investigator from the public defender's office, Debra Terrell, took some photographs of Williams and brought them to the Church's store to see if the robbery victims could identify him. Only Martin was at the store that day. After viewing the photographs, Martin was unable to identify Williams as one of the robbers. The next day, at the request of defense counsel, a physical lineup was conducted for Martin and Lands. Martin picked Williams out of the lineup and identified him as one of the robbers, but Lands failed to identify him.
At trial, Martin again made a positive identification of Williams. Lands was unable to identify him as one of the robbers, but testified that she did not get a good look at one of the young men. The trial court, relying upon the testimony of Martin, found Williams guilty of the two counts of armed robbery with which he was charged and adjudicated him delinquent.
Williams has appealed that adjudication. His appeal makes the following two assignments of error:
"1. The trial court erred in finding the defendant guilty of armed robbery in light of the fact that, taking all identification testimony in a light most favorable to the prosecution, no rational trier effect [sic] could have concluded that Tony Williams was the perpetrator beyond a reasonable doubt.
"2. Material exculpatory evidence relevant to guilt or innocence, in the control of the prosecutor, was not revealed to the defense timely, as requested by motion requesting same."
Each assignment of error will be considered separately. However, we note at the outset that each is intertwined with defendant's contention that the state withheld exculpatory evidence in its answer to defendant's motion for discovery by neglecting to reveal Martin's failure to pick Williams out of the photographic lineup.

Assignment of Error No. 1
Under this assignment of error, defendant first argues that Martin's identification of him in court and at the physical lineup was tainted by the fact that she had been shown Williams' picture by Terrell, the investigator for the public defender's office.[2] Defendant contends that if those identifications are excluded, the evidence against him is insufficient to prove beyond a reasonable doubt that he participated in the robbery.
Initially, we note that defendant seeks to exclude the identification testimony on the basis of actions taken by an investigator who worked for his own attorney. Even if we were to conclude that any prejudice resulting from the actions of Williams' own counsel could provide a basis for excluding *433 testimony of identification by Martin, such an exclusion would not be required in the instant case.
Martin's in-court identification was admitted into evidence without objection by Williams' counsel. Evidence of Martin's identification of Williams at the physical lineup was also admitted without objection. In the absence of any contemporaneous objection to the admission of that evidence, any error related to its admission is not reviewable on appeal. LSA-C.J.P. art. 24; LSA-C.C.P. art. 1635. See also LSA-C. Cr.P. art. 841; State v. Wright, 410 So.2d 1092 (La.1982); State v. Lecompte, 371 So.2d 239 (La.1978).
Williams' basic assertion under this assignment of error is that the evidence was not sufficient to establish beyond a reasonable doubt that he participated in the robbery. In his oral reasons for judgment, the trial judge noted that his decision was based upon an evaluation of witness credibility. A trial court is in a unique position to make such an assessment.
Article 73 of the Code of Juvenile Procedure sets forth, in pertinent part, the burden of proof imposed upon the state in delinquency proceedings:
"If the petition requests that the child be adjudicated a delinquent, the state shall prove beyond a reasonable doubt that the child committed a delinquent act alleged in the petition."
The scope of this court's review in judicial proceedings extends to both law and fact. LSA-Const. Art. 5, sec. 10; In Interest of Franklin, 399 So.2d 671 (La.App. 1st Cir.1981); State in Interest of Giangrosso, 385 So.2d 471 (La.App. 1st Cir.1980), aff'd. 395 So.2d 709 (La.1981). We are therefore called upon to determine if the Family Court was clearly wrong in its determination that Williams was proven guilty beyond a reasonable doubt. In Interest of Franklin, supra. After a review of the entire record, we are unable to say that the Family Court was manifestly erroneous or clearly wrong in its finding that Williams was guilty beyond a reasonable doubt of the two counts of armed robbery with which he was charged. Furthermore, our review convinces us that a rational trier of fact could have found, from the evidence adduced at trial, proof of guilt beyond a reasonable doubt. State in Interest of Giangrosso, 395 So.2d 709 (La.1981); Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
This assignment of error lacks merit.

Assignment of Error No. 2
Under this assignment of error, Williams contends that he was prejudiced by the state's failure to inform him of Martin's inability to pick him out of the photographic lineup of November 12, 1981. Williams argues that Martin's failure to identify him constituted material exculpatory evidence which was requested in his discovery motion. Williams asserts that if Martin's failure to identify him had been revealed, his attorney would not have had the photographs of Williams shown to Martin or requested a physical lineup.
In brief, counsel for Williams asserts that LSA-C.Cr.P. art. 721 requires the state to turn over any exculpatory material upon request. Our reading of that article reveals no such requirement. Article 721 merely provides that, upon motion of the defendant, the court shall order the state to inform the defendant of its intent to use hearsay statements of co-conspirators pursuant to R.S. 15:455.
In State v. Willie, 410 So.2d 1019 (La. 1982), the Louisiana Supreme Court delineated the state's duty to disclose exculpatory evidence as follows:
"The defendant's right to be protected against the prosecution's failure to disclose exculpatory evidence is founded upon the due process clause and is designed to assure a fair trial and not to deter prosecutorial misconduct. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); 8 Moore's Federal Practice § 16.06 (2d ed. 1981). In United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), the Supreme Court set forth three categories of cases *434 to which Brady arguably applies and enunciated standards for each category.
"The first category is illustrated by Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935), and includes cases in which the undisclosed evidence demonstrates that the prosecution's case includes perjured testimony and that the prosecutor knew, or should have known, of the perjury. A strict standard of materiality is applied in such cases and a conviction obtained by the knowing use of perjury must be set aside `if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury'. United States v. Agurs, supra 427 U.S. at 103, 96 S.Ct. at 2397.
"The second category of cases, typified by Brady itself is characterized by a pretrial request for specific evidence. The standard for materiality in such cases is whether the suppressed evidence `might have affected the outcome of the trial.' United States v. Agurs, supra, 427 U.S. at 104, 96 S.Ct. at 2397.
"The third category of cases consists of those in which a general request (`all Brady materials') or no request at all is made. A conviction will be overturned, in such cases, if the omitted evidence creates a reasonable doubt that did not otherwise exist. The omission must therefore be evaluated in the context of the entire record.
If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial. On the other hand, if the verdict is already of questionable validity, additional evidence of relatively minor importance might be sufficient to create a reasonable doubt.

United States v. Agurs, 427 U.S. at 112-13, 96 S.Ct. 2401." 410 So.2d at 1030, 1031.
We have reviewed the defendant's motion for discovery. Evidence of Martin's failure to identify Williams at the photographic lineup does not fall into any of the categories of exculpatory evidence which were requested by Williams. Therefore, this case falls into the third category of cases discussed in State v. Willie, supra. In that category of cases, the state's failure to disclose exculpatory evidence is grounds for reversal only if the omitted evidence creates a reasonable doubt that did not exist.
In the instant case, testimony of Martin's failure to identify Williams was introduced into evidence. The trial judge, in denying defendant's motion for directed verdict, discounted the importance of this testimony:
"Miss Martin impressed the Court as being very conscientious and the photographs first showed to her by the police, she could not make an identification from the photographs, she impressed the Court as being an individual that wanted to be absolutely certain, beyond any doubt, before she pointed the accusing finger at anyone with respect to a charge for armed robbery."
As noted above, we have reviewed the entire record and determined that the trial court was not clearly wrong in concluding that the evidence adduced established beyond a reasonable doubt that Williams committed the crimes with which he was charged. Since the exculpatory evidence which defendant claims was wrongfully withheld was admitted into evidence, it obviously does not create a reasonable doubt and therefore no reversal of the judgment is required. See State v. Willie, supra.
This assignment of error lacks merit.
For the foregoing reasons, the judgment of the Family Court is affirmed.
AFFIRMED.
NOTES
[1] A third, unidentified employee was at the store that night, but apparently was in the cooler during the entire course of the incidents in question.
[2] The ultimate source of this taint, defendant argues, is the state's failure to provide exculpatory evidence, i.e., to notify the defendant that Martin had failed to pick Williams out of the photographic lineup. Defendant argues that if his attorney had known of Martin's failure to identify Williams, she would not have had Williams' picture shown to Martin or requested the physical lineup.