433 So.2d 243 (1983)
STATE of Louisiana In the Interest of Reese RACINE.
No. 82 KJ 1042.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
Rehearing Denied June 29, 1983.
*244 Keith M. Whipple, Houma, for defendant.
Dixie C. Brown, Asst. Dist. Atty., Terrebonne Parish, Houma, for State.
Before COVINGTON, LANIER and ALFORD, JJ.
LANIER, Judge.
The juvenile, Reese Racine, born December 21, 1965, was charged with being a delinquent child by committing on April 1, 1982, the crime of theft of two tires, an AM-FM cassette player, a racing steering wheel and a Chevrolet automatic transmission, all of a value of $530, in violation of La.R.S. 14:67. After a trial, he was adjudicated a delinquent child for theft of two tires, two mag wheels and a steering wheel. After a disposition hearing, he was committed to the custody of the Louisiana Department of Corrections for a period of two years.[1]

STANDARD FOR APPELLATE REVIEW OF FACTS IN JUVENILE MATTERS
The Courts of Appeal of Louisiana have appellate jurisdiction of all matters appealed from juvenile courts. La. Const. of 1974, art. V, § 10(A)(2); La.C.J.P. art. 97 et seq. The scope of appellate review by the Courts of Appeal in juvenile matters extends to both the law and the facts. La. Const. of 1974, art. V, § 10(B). When the state charges a child with a delinquent act, it has the burden of proving that the child committed the delinquent act beyond a reasonable doubt. La.C.J.P. art. 73.
In civil matters, our appellate jurisdiction extends to the law and the facts, just as in juvenile matters. La. Const. of 1974, art. V, § 10(B). The standard for appellate review of facts in civil matters is set forth in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978) and Canter v. Koehring Company, 283 So.2d 716 (La.1973). In Canter, 283 So.2d at 724 appears the following.
When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, *245 even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts. [Emphasis added].
In Arceneaux, 365 So.2d at 1333 and 1334 appears the following:
As an aid to the exercise of the appellate function of review of facts in civil cases, we attempted to explain, in Canter v. Koehring, supra, without great detail, the appropriate standard. We said that "even though the appellate court may feel that its own evaluations and inferences are as reasonable." it should not disturb reasonable findings of the trial court when there is conflict in the testimony. We prefaced this observation: "When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error." 283 So.2d 716, 724. (Emphasis added).
We did not foresee that this explanation would be misunderstood to mean that: "There is no manifest error when the evidence before the trier of fact furnishes a reasonable basis for its finding." We said the appellate court should not disturb this factual finding in the absence of manifest error. The difference is important. "Manifestly erroneous," in its simplest terms, means "clearly wrong." We said, then, that the appellate court should not disturb such a finding of fact unless it is clearly wrong. Therefore, the appellate review of facts is not completed by reading so much of the record as will reveal a reasonable factual basis for the finding in the trial court; there must be a further determination that the record establishes that the finding is not clearly wrong (manifestly erroneous).
. . . . . .
If the Court of Appeal had applied the proper standard for the review of facts on appeal, it would have concluded that, in spite of the presence of some evidence in the record which, if believed, would have supported the jury verdict, the verdict was clearly wrong (manifestly erroneous).
. . . . . .
... If the Court of Appeal should decide, on an appeal of right from the district court, only that there is some evidence to support the judgment, without determining whether the district court judgment is clearly wrong considering all the evidence, the Louisiana system of review breaks down. The losing litigant may never obtain actual review of the district court judgment, if the issue is factual. [Footnote omitted]. [Underscoring added].
As indicated in Canter, when reviewing the facts in a civil matter, an appellate court may not disturb the reasonable evaluations of credibility and the reasonable inferences of fact determined by the trial court. However, as indicated in Arceneaux, even though an appellate court determines that there is a reasonable factual basis for the findings of the trial court, the appellate court has latitude to evaluate the weight of the evidence to determine if the factual conclusion of the trial court is clearly wrong.
In criminal cases, the jurisdiction of the Courts of Appeal extends only to questions of law. La. Const. of 1974, art. V, § 10(B). However, in State v. Mathews, 375 So.2d 1165 (La.1979), a majority of the Louisiana Supreme Court determined that the United States Supreme Court case of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) required that the standard of review when considering the sufficiency of the evidence (facts) to support a criminal conviction is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational *246 trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The Louisiana Supreme Court has indicated that this appellate review of the evidence by a state court is required by the due process clause of the Fourteenth Amendment of the United States Constitution. State v. Graham, 422 So.2d 123 (La.1982).[2] In Jackson, 99 S.Ct. at 2789 appears the following:
... Instead the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Johnson v. Louisiana, 406 U.S. 356, 362, 92 S.Ct. 1620 [1624], 33 L.Ed.2d 152. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as a weigher of the evidence is preserved through a legal conclusion that upon judicial review all of the evidence is to be considered in the light most favorable to the prosecution.... [Footnote omitted].
Thus, under the Jackson standard, all evidence must be considered in the light most favorable to the prosecution and all reasonable (rational) findings of the trier of fact involving conflicts in the testimony, the weight of the evidence and the inferences drawn from the basic facts must be accepted by an appellate court.
In State in Interest of Giangrosso, 385 So.2d 471, 476 (La.App.1980), this court observed as follows:
In juvenile proceedings, the scope of review of this court extends to both law and fact. Article 5, Section 10, Constitution of 1974; see State in Interest of Batiste, 367 So.2d 784 (La.1979). We must, therefore, decide if the trial judge was clearly wrong in his determination that the defendants were proven guilty beyond a reasonable doubt.
Writs were granted by the Louisiana Supreme Court and in State in Interest of Giangrosso, 395 So.2d 709, 714 (La.1981), the judgment of this court was affirmed with the following language:
We conclude that a rational trier of fact could have found, from the evidence adduced at trial, proof of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Thus, the evidence was sufficient to support the adjudication. State in the Interest of Baptiste, (sic) above.[[3]]
In State in Interest of Williams, 421 So.2d 431, 433 (La.App. 1st Cir.1982), this court evaluated the evidence in a juvenile delinquency case under both the Arceneaux and Jackson standards as follows:
The scope of this court's review in judicial proceedings extends to both law and fact. LSA-Const. Art. 5, sec. 10; In Interest of Franklin, 399 So.2d 671 (La.App. 1st Cir.1981); State in Interest of Giangrosso, 385 So.2d 471 (La.App. 1st Cir. 1980), aff'd. 395 So.2d 709 (La.1981). We are therefore called upon to determine if the Family Court was clearly wrong in its determination that Williams was proven guilty beyond a reasonable doubt. In Interest of Franklin, supra. After a review of the entire record, we are unable to say that the Family Court was manifestly erroneous or clearly wrong in its finding that Williams was guilty beyond a reasonable doubt of the two counts of armed robbery with which he was charged. Furthermore, our review convinces us that a rational trier of fact could have found, from the evidence adduced. *247 at trial, proof of guilt beyond a reasonable doubt. State in Interest of Giangrosso, 395 So.2d 709 (La.1981); Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
See also State in Interest of Michel, 411 So.2d 528 (La.App. 1st Cir.1982); In Interest of Franklin, 399 So.2d 671 (La.App. 1st Cir.1981). In other delinquency cases, this court has utilized only the Jackson standard of review. State in Interest of Pigott, 413 So.2d 659 (La.App. 1st Cir.1982); State in Interest of Aaron, 405 So.2d 1194 (La.App. 1st Cir.1981).[4]
Because the scope of appellate review in both civil and juvenile matters extends to the law and the facts, it would seem to logically follow that the standard for appellate review of facts in those matters would also be the same. Although due process requires that the burden of proof in adult criminal matters and juvenile delinquency matters be the same, we have found no federal authority that mandates that the appellate standard for reviewing the sufficiency of evidence also be identical.

SUFFICIENCY OF EVIDENCE
Billy W. Strange, a juvenile, testified that several months before the date of the trial he, Jerome Berry and Reese Racine went to Coastal Auto Parts (Coastal) in Racine's truck. The three climbed over a fence surrounding Coastal's yard and stole some tires, a radio and a steering wheel. A transmission was not taken that night. The tires were placed in the back of the truck and the radio and steering wheel inside the truck. Strange did not recall what was done with the stolen items or where they were dropped off. Strange previously pled guilty to a charge arising from this incident and was in the custody of the Louisiana Department of Corrections.
Jerome Berry, also a juvenile, testified that he, Billy Strange and Reese Racine went to Coastal's yard in Racine's truck. The three climbed the fence and stole a pair of mag wheels, a steering wheel, tires, a cassette player and some side mirrors. No transmission was taken that night. Berry did not recall on what day this occurred, but that it happened at about 10:30 or 11:00 P.M. The stolen items were brought to Racine's home and placed in one of his rooms. Berry indicated that Racine took out the steering wheel with a screwdriver. Berry previously pled guilty to a charge arising from this incident and was in the custody of the Louisiana Department of Corrections.
Hartley Dupre testified that he was the manager of Coastal, an auto parts business located in the City of Houma, Parish of Terrebonne, Louisiana. On April 1, 1982, it was discovered that two mag wheels, a steering wheel, two tires and two door mounted side mirrors had been stolen from Coastal. No cassette player was reported missing. Mag wheels were sold for $50 each, tires were sold for $40 each, and steering wheels were sold for $20 each.
John McClain testified that he was the owner of Coastal. Two tires, two mag wheels, a steering wheel and two side mounted mirrors were returned to Coastal by police authorities. No cassette player was returned. McClain did not know Reese Racine.
Reese Racine testified that he was sixteen years of age on the date of the trial, September 9, 1982. He denied stealing the items and participating in the theft. He further testified that Strange previously stole money from him and that he hit Strange. Racine also indicated that he participated in egging Berry's home on one occasion. Racine purchased the mag wheels on his truck from a person named Terry (last name unknown). He bought the mag wheels for $50 with money that he obtained from his mother. Mrs. Betty Racine testified that her son, Reese, asked her for $50 to buy some mag wheels and she gave the money to him.
The trial judge heard and observed the witnesses in this case and resolved the *248 conflicts in the testimony in favor of the state. Under either the Arceneaux or Jackson standard for appellate review of facts, there is sufficient evidence in the record to support the trial court's adjudication of delinquency. The trial judge obviously believed Strange and Berry and rejected the testimony of Racine and his mother. If the testimony of Berry and Strange is accepted as true, the state has proven that Racine committed a delinquent act beyond a reasonable doubt.
The petition in the instant case alleges that the juvenile committed theft of two tires, an AM-FM cassette player, a racing steering wheel and a Chevrolet automatic transmission, of a total value of $530. The trial judge adjudicated the juvenile for theft of two tires, two mag wheels and a steering wheel, and acquitted him for stealing the AM-FM cassette player and the Chevrolet automatic transmission. The petition did not charge the juvenile with stealing two mag wheels. The evidence of record shows that, although mag wheels and tires may be mounted together, they are separate items with separate values and, in the instant case, were sold separately. Because the juvenile was not charged with stealing two mag wheels in the petition, he could not be adjudicated for this portion of the charge. Accordingly, the adjudication for theft of two mag wheels is vacated.

DISPOSITION
A disposition hearing was held in this matter as required by La.C.J.P. art. 80. At this disposition hearing, the probation officer indicated that Racine was placed on probation in 1972 for simple burglary, criminal damage and simple battery. On April 18, 1979, Racine was again placed on probation for theft of two go-carts and a minibike. The probation officer also indicated that Billy Strange pled guilty and was committed for two years. Jerome Berry also pled guilty and, because of a previous adjudication, was committed for four years.
The juvenile contends that the trial court committed error by considering the 1972 probation because it was "far too remote in time for the court's consideration." At a disposition hearing, the court may consider all evidence relating to a proper disposition. La.C.J.P. art. 81. The prior record of a delinquent child is relevant to determining a proper disposition. The remoteness of the previous conviction relates to what weight should be given to it by the court and does not render the evidence inadmissible.
The appellant also contends that the trial court committed error by not following the guidelines set out in La.C.Cr.P. art. 894.1 in this disposition hearing. The sentencing guidelines set forth in La.C.Cr.P. art. 894.1 are not applicable to juvenile proceedings. State in Interest of Brown, 385 So.2d 382 (La.App. 1st Cir.1980); State in Interest of Winstead, 385 So.2d 311 (La. App. 1st Cir.1980). In juvenile proceedings, the trial court should follow La.C.J.P. arts. 83 and 86 in determining an appropriate disposition.
The trial court committed the juvenile for a period of two years. The juvenile contends that this disposition is excessive. If a child is adjudicated a delinquent and committed to the custody of the Department of Corrections, the commitment cannot exceed the maximum term of imprisonment for the offense forming the basis for the adjudication. La.C.J.P. art. 89(B). The juvenile was lawfully convicted of theft of two tires and a steering wheel.[5] The two tires were valued at $40 each and the steering wheel at $20, for a total of $100. Pursuant to La.R.S. 14:67, when a theft involves items of a value of $100 or more, but less than $500, the offender may be imprisoned for *249 not more than two years. The trial court imposed the maximum authorized sentence.
In selecting an appropriate disposition, the court should impose the least restrictive disposition which it finds consistent with the circumstances of the case, the needs of the child and the best interest of society. La.C.J.P. art. 86(A). Because two previous probations did not effect behavior modification in this juvenile, commitment is necessary to achieve the correctional needs of the child and the best interest of society. However, because the value of the items taken was the minimum designated in this penalty bracket and because the items taken were recovered and returned to the owner, the maximum penalty authorized by law is not appropriate and is excessive. After reviewing all of the facts and circumstances in this case, and considering the needs of the child and the best interest of society, a commitment for a period of one year is deemed appropriate.

CONCLUSION
For the foregoing reasons, the adjudication of delinquency for theft of two mag wheels is reversed, but in all other respects, the adjudication is affirmed. The judgment of disposition is amended to provide that the juvenile, Reese Racine, be committed to the custody of the Louisiana Department of Corrections for a period of one year.
ADJUDICATION AFFIRMED IN PART AND REVERSED IN PART; DISPOSITION AMENDED AND AFFIRMED.
NOTES
[1] The trial court authorized a suspensive appeal. La.C.J.P. art. 103.
[2] See, however, the special concurring opinion of Judges Covington, Lanier and Alford in State v. Ruple, 426 So.2d 249 (La.App. 1st Cir.1983).
[3] In State in Interest of Batiste, 367 So.2d 784, 789 (La.1979), the court had previously observed as follows:

... From this evidence we conclude that the juvenile court was clearly in error in finding beyond a reasonable doubt that Batiste committed unauthorized use of the bicycle.... [Footnote omitted].
[4] The Second Circuit employed the Arceneaux standard to evaluate the evidence in In Interest of Thomas, 395 So.2d 912 (La.App. 2nd Cir. 1981), writ denied 399 So.2d 608 (La.1981).
[5] The juvenile was charged with theft of a transmission valued at $150 on April 11, 1982, but the state dismissed this charge. The state failed to properly charge the juvenile with theft of the two mag wheels and the two side mounted mirrors. The trial court apparently found that the state failed to prove that the juvenile stole the cassette player beyond a reasonable doubt. These matters cannot be considered in the disposition because they did not result in adjudications.